FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 22, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALISON G.,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>  Defendant. | No. 2:20-CV-00032-JTR<br><br>ORDER GRANTING IN PART<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT AND<br>REMANDING FOR ADDITIONAL<br>PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Chad Hatfield represents Alison G. (Plaintiff); Special Assistant United States Attorney Benjamin Groebner represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on September 5, 2017 alleging disability since June 18, 2017, due to fibromyalgia, idiopathic mast cell activation syndrome, depression, anxiety, vertigo, lack of concentration, gastrointestinal issues, and migraines. Tr. 59-60. The application was denied initially and upon reconsideration. Tr. 88-90, 94-96. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on November 7, 2018, Tr. 33-58, and issued an unfavorable decision on January 9, 2019, Tr. 17-27. Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 168-70. The Appeals Council denied the request for review on November 21, 2019. Tr. 1-5. The ALJ's January 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 21, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1972 and was 45 years old as of the alleged onset date. Tr. 25. She has a GED and her work history was as a preschool teaching aide, deli worker and shift supervisor, and bartender. Tr. 54-55, 194. She testified that she is unable to work due to her pain and nausea causing concentration problems, and due to her high anxiety. Tr. 48.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at

1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

///

///

# ADMINISTRATIVE FINDINGS

On January 9, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-27.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: fibromyalgia, obesity, carpal tunnel syndrome, generalized anxiety disorder, and major depressive disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> She can never climb ladders, ropes, or scaffolds, and can only occasionally perform all other postural activities; she can frequently reach, handle, finger and feel; she can have no exposure to extreme heat or hazards, such as unprotected heights and moving mechanical parts; she is limited to simple, routine tasks with a reasoning level of 2 or less; and she can have only occasional superficial contact with the public and coworkers.

Tr. 21.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a preschool teacher, deli cutter slicer, and bartender. Tr. 25.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of production assembler, inspector hand packager, and garment folder. Tr. 25-26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 26.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly rejecting medical opinions; (2) failing to find Plaintiff's impairments met or equaled a listing; (3) improperly rejecting lay witness testimony; (4) improperly rejecting Plaintiff's subjective complaints; and (5) making inadequate step five findings.

## DISCUSSION

### 1. Plaintiff's subjective allegations

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 13 at 16-20.

It is the province of the ALJ to assess the claimant's allegations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. The ALJ found Plaintiff's allegations were not supported by the objective exam findings and test results, the course of treatment, or Plaintiff's activities, and additionally found inconsistencies between Plaintiff's allegations and her own past contemporary reports to treatment providers. Tr. 22-24.

Plaintiff argues the ALJ misunderstood the nature of fibromyalgia and mischaracterized the record. ECF No. 13 at 17-18. She further argues that the lack of mental health treatment was explained by Plaintiff's inability to afford it, and that the ALJ failed to identify any activities that were inconsistent with the subjective allegations. *Id.* at 19-20. Defendant argues the ALJ reasonably interpreted the objective findings as unsupportive of Plaintiff's complaints and legitimately considered the course and type of treatment, along with Plaintiff's activities. ECF No. 14 at 2-6.

The Court finds the ALJ's rationale is not supported by substantial evidence.

**a. Activities**

A claimant's activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the ability to engage in minimal daily activities around the home and for personal care is not necessarily inconsistent with disability. *See Garrison,* 759 F.3d at 1016; *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004)("the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.")

///

The ALJ noted Plaintiff's ability to do housework, care for her pets, go grocery shopping, walk for exercise, and take a trip to California, finding these activities "all show a high level of mental and physical functioning." Tr. 23-24. The ALJ failed to identify how any of these activities were inconsistent with any of Plaintiff's allegations. Plaintiff indicated she was able to engage in some minimal daily activities, but that her ability fluctuated from day to day and she had to pace herself and take breaks. Tr. 49-50, 201-04. The ALJ also failed to acknowledge the fact that tending to home activities differs greatly from working in a competitive work environment. *See Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication."). The single trip to California to visit family does not constitute substantial evidence of Plaintiff's abilities, as there is no information concerning her activities while on the trip; on the contrary, the record indicates Plaintiff had been under considerable stress at the time and increased her medications. Tr. 662.

The Court finds the ALJ's rationale does not satisfy the clear and convincing standard.

   **b.  Course of treatment**

The ALJ found Plaintiff had sought limited mental health treatment, belying her allegations of significant mental health symptoms. Tr. 23. An unexplained or inadequately explained failure to seek or follow courses of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, before rejecting a claimant's testimony on this basis, the ALJ must consider a number of factors, including whether an individual may have structured her activities to minimize symptoms to a tolerable level, and whether the individual is able to afford or otherwise access treatment. Social Security Ruling 16-3p. The ALJ did not discuss these factors. The record contains repeated

1  indications that Plaintiff wanted to attend counseling and believed it would be
2  beneficial, but was unable to afford the copays. Tr. 51, 511, 667, 701. Defendant
3  argues that the ALJ's discussion with Plaintiff at the hearing regarding her lack of
4  treatment through free clinics indicates the ALJ did not find Plaintiff's explanation
5  regarding her inability to pay for services to be persuasive. ECF No. 14 at 5.
6  However, the ALJ failed to mention this conversation at all in discounting
7  Plaintiff's allegations. The Court will "review only the reasons provided by the
8  ALJ in the disability determination and may not affirm the ALJ on a ground upon
9  which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)

10  The Court therefore finds the ALJ improperly rejected Plaintiff's subjective
11  complaints on the basis of her failure to seek specialized mental health treatment.

12      **c.  Inconsistent prior statements**

13  The ALJ found Plaintiff's allegations of disability were inconsistent with
14  prior statements to her providers that she was doing fairly well, was relatively
15  stable, and that her depression symptoms were okay. Tr. 24. The citations given by
16  the ALJ do not constitute substantial evidence of inconsistent statements. Plaintiff
17  reported in January and March of 2018 that her symptoms were stable, meaning
18  unchanging, and she continued to report pain and sleep trouble. Tr. 696, 701. In the
19  following weeks and months, she continued to struggle with her fibromyalgia,
20  developed gastrointestinal problems, and reported ongoing stress and sleep issues.
21  Tr. 647, 667, 670. Comments regarding a patient doing well or feeling better must
22  be read in context. *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). "It
23  is error to reject a claimant's testimony merely because symptoms wax and wane
24  in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir.
25  2014).

26  The reference to Plaintiff's depression symptoms being okay given natural
27  stresses was offered in the context of Plaintiff dealing with family issues that
28  increased her stress levels and led her to increase her medication dose. Tr. 662-63.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 8

It did not refer to her depressive symptoms in general. The evidence mentioned by the ALJ does not demonstrate any inconsistency with Plaintiff's allegations of long-term disabling symptoms.

      **d. Objective evidence**

To the extent the ALJ implied Plaintiff's allegations were not supported by the objective evidence, this alone is an insufficient reason to reject her statements. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Because none of the ALJ's other reasons for questioning Plaintiff's allegations meet the clear and convincing standard, unsupportive objective evidence is not a sufficient rationale.

Furthermore, the Court takes note that fibromyalgia is not a condition that generally lends itself to extensive objective findings. *See generally*, Social Security Ruling 12-2p; *Revels v. Berryhill*, 874 F.3d 648, 656-57 (9th Cir. 2017). It is not clear that the normal or unremarkable exam findings identified by the ALJ, such as normal gait, intact strength and sensation, or mild imaging, have any bearing on the severity of Plaintiff's fibromyalgia, and the ALJ cited to no medical source that indicated as much.

Upon remand, the ALJ shall re-evaluate Plaintiff's statements and testimony. The ALJ shall reassess what statements, if any, are not consistent with the medical evidence and other evidence in the record, and what specific evidence undermines those statements.

**2.    Lay witness evidence**

Lay witness testimony is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). An ALJ must give "germane" reasons to discount evidence from these "other sources." *Dodrill*, 12 F.3d at 919.

Plaintiff argues the ALJ erred in failing to discuss evidence from Plaintiff's husband and former coworkers. ECF No. 13 at 15-16. Defendant argues any error was harmless due to the ALJ offering sufficient reasons for discounting Plaintiff's similar testimony, and argues the ALJ reasonably accepted the opinions of the medical sources. ECF No. 14 at 6-7.

Because this claim is being remanded for reconsideration of Plaintiff's subjective statements, the ALJ shall also reconsider the third-party evidence.

**3.      Medical opinion evidence**

Plaintiff argues the ALJ improperly rejected the opinion from treating physician, Dr. Daniel Yang, and failed to address opinions from Plaintiff's treating naturopath, Dr. Christopher Valley. ECF No. 13 at 7-13.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520a(b). The ALJ may

explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).[1]

### a. Dr. Yang, MD

Plaintiff's treating physician, Dr. Yang, completed a medical source statement in September 2018, opining Plaintiff was limited to less than sedentary work, could only work a low-stress job part-time, and would likely miss more than four days of work per month from a full-time job. Tr. 725-28.

The ALJ found Dr. Yang's opinion was not persuasive, noting it contained little supportive explanation and was inconsistent with Dr. Yang's own treatment

---

[1] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. ECF No. 13 at 9; ECF No. 14 at 7-9; ECF No. 15 at 1-2. The Court finds resolution of this question unnecessary to the disposition of this case.

notes and the record as a whole, which showed unremarkable physical examinations. Tr. 24.

Plaintiff argues the opinion does contain considerable explanation and the record documents remarkable findings that are supportive of the assessed limitations. ECF No. 13 at 9-12. Defendant argues the form was completed with no narrative explanation and the ALJ reasonably interpreted the record as lacking in supportive findings. ECF No. 14 at 10-12. Defendant argues Plaintiff was simply offering an alternative view of the evidence. *Id.*

The Court finds the ALJ considered the most important factors of consistency and supportability, and reasonably found Dr. Yang's opinion contained little explanation for the assessed limitations. However, as this claim is being remanded on other bases, the ALJ shall reconsider the record as a whole, including Dr. Yang's opinion.

**b. Dr. Valley, ND**

In September 2017, Plaintiff's treating naturopath, Dr. Valley, noted in his treatment records that Plaintiff was unable to return to work due to her symptoms and that he would support disability paperwork in that regard. Tr. 427. In October 2018 he wrote a letter noting Plaintiff's medical history and her severe impairment in functioning, and commented that light exertion and activities could severely exacerbate her pain. Tr. 731. He wrote that she had severe difficulty with task planning, organization, memory, focus, and self-care. *Id.*

Plaintiff argues the ALJ erred in failing to discuss these opinions, arguing the ALJ is required to consider all evidence from medical sources. ECF No. 13 at 12-13. Defendant argues the letters were statements on issues reserved to the Commissioner, which the regulations note are inherently neither valuable nor persuasive, and the ALJ was not required to provide any analysis about how they were considered. ECF No. 14 at 12-13. Defendant further argues nothing in Dr.

Valley's 2018 letter would require limitations beyond those already included in the RFC, and thus there was no harm in the ALJ's failure to discuss it. *Id.* at 13.

The Court finds the ALJ did not err. The revised regulations note that statements on issues reserved to the Commissioner, such as whether an individual is able to work, are neither valuable nor persuasive and the ALJ is not required to provide an analysis of how such evidence is considered. 20 C.F.R. § 404.1520b(c). The ALJ is only required to provide an analysis of "medical opinions," which are statements from medical sources about what a claimant can still do despite their impairments, and whether they have impairment-related limitations or restrictions on their ability to perform physical or mental demands of work activities. 20 C.F.R. § 404.1513(a)(2). Dr. Valley's statements do not assess any specific work-related functions and thus do not constitute medical opinions that the ALJ was required to address in the written decision.

**4.    Listings**

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If an impairment meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d).

Plaintiff argues the ALJ erred at step three by failing to consider whether Plaintiff's conditions met or equaled Listing 14.09D. ECF No. 13 at 13. She also argues she is disabled under Listing 11.14, singly or in combination with Listing 14.09D, and that her severe gastrointestinal impairment satisfies Listing 5.06B and further supports a finding that her conditions equal a listing. *Id.* at 14-15. Defendant argues Plaintiff has not made a showing of medical findings equal in

severity to any listing and asserts the ALJ was not required to discuss every listing without such evidence. ECF No. 14 at 14-16.

The Court finds Plaintiff has not pointed to sufficient evidence to demonstrate listing-level severity of any of her impairments. Furthermore, the medical expert at the hearing testified that no listing was met or equaled. Tr. 39. The ALJ's step three finding is supported by substantial evidence.

However, on remand, the ALJ will consider any additional evidence submitted in reassessing each of the five steps of the sequential evaluation process.

**5.    Step five**

Plaintiff argues the above errors resulted in an inaccurate RFC and a decision that is not supported by substantial evidence. ECF No. 13 at 20-21. Considering the case is being remanded for the ALJ to properly address Plaintiff's subjective symptom testimony, the ALJ shall also complete the five-step analysis and make a new step five determination as necessary.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision with respect to Plaintiff's subjective complaints is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and the record as a whole and complete the five-step process.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED January 22, 2021 .



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE